# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00165-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Gregory Lopez,

    Defendant.

---

## ORDER OF DETENTION
---

    THIS MATTER came before me for a detention hearing on June 16, 2020. The government was represented by AUSA Alecia Riewerts. Mr. David Kraut represented the defendant. Mr. Pat Hanley was present on behalf of probation. The government requested detention in this case. The defendant contested the request for detention. The government presented evidence by means of a proffer. Both sides presented argument. I have considered the Pretrial Services Report, arguments of counsel and the entire docket.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense proscribed by 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The defendant has been charged after a probable cause finding with a violation of 18 U.S.C. § 2251(a) and (e) Production of Child Pornography, and other offenses relating to the advertisement, transportation and possession of child pornography. The alleged victim in this case was a seven-year old boy. As a result, the presumption applies. *See* 18 U.S.C. § 3142(e)(3)(B).

The presumption favoring detention can be rebutted; however, even if rebutted, the congressionally mandated presumption remains a factor to consider in assessing whether there is any condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial

> resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

The defendant is charged with production of child pornography by taking videos of himself committing sexual acts, specifically sexual assault and rape of a seven-year old boy, and attempting to sell those videos over the internet for profit. The defendant was in a position of trust relative to the minor child.

The evidence against the defendant is overwhelming. The videos were recovered from the SIM card on Defendant's cell phone. The minor child told investigators in a forensic interview of the acts perpetrated on him by the Defendant. When arrested, the Defendant was Mirandized and gave a statement admitting to the sexual conduct with the child and filming it on his cell phone. In addition to the videos of the Defendant with the minor child victim, there were more than 260 other child porn videos on the seized SIM card.

The offense charged is serious and the penalties associated with the charges are great, including a mandatory minimum of 15 years in prison for each of the first two counts against the Defendant. This gives the Defendant a significant motive to flee.

In addition, the Defendant was on probation from a prior offense at the time the present offenses were committed and his contact with the minor victim was in violation of a state restraining "no contact" order—indicating that even in the face of Court orders and supervision by state probation officials, the Defendant nevertheless was unable to stay away from and stop himself from committing the alleged crimes against a minor child.

Based on the weight of the evidence, the seriousness of the offense charged, the fact that the charges involve a minor victim, the extensive term of imprisonment Mr. Lopez is facing, and the violation of the pre-existing no contact order in the commission of the present offense, I find by clear and convincing evidence that there are no conditions or combination of conditions that the Court could impose that would reasonably assure the safety of the community, and by a preponderance of evidence that there are no conditions or combination of conditions that the Court can impose to assure the defendant's presence at future court dates.   Accordingly,

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: June 16, 2020

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge