IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00165-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY LOPEZ,

        Defendant.

## UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

Defendant Gregory Lopez ("Mr. Lopez"), by and through undersigned counsel, hereby moves this Court for an Order excluding 90 days from the Speedy Trial Act computations and vacating all currently-set deadlines and trial dates. The government does not oppose this motion. In support thereof, Mr. Lopez states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

The government alleges that Mr. Lopez produced, sold, advertised, and possessed child pornography between April 26, 2020 and May 7, 2020 in his apartment in Colorado Springs. On May 7, 2020, federal and local law enforcement officers arrested Mr. Lopez in his apartment. Between May 7, 2020 and June 10, 2020, Mr. Lopez was held in the El Paso County Detention Center in connection with a state prosecution based on these allegations.[1] On June 3, 2020, the federal government indicted Mr. Lopez and obtained

---

[1] El Paso County District Court Case No. 20CR2683.

a warrant for his arrest in this case. Docs. 1, 2.[2] On June 10, 2020, Mr. Lopez was transferred from state to federal custody and advised of the indictment. Docs. 7, 8. On June 18, 2020, the state prosecution was dismissed.

On June 24, 2020, counsel received the initial discovery production from the government. This production included 688 pages of police reports, photographs, and other investigative documents, over three hours of recorded phone calls allegedly placed by Mr. Lopez from the El Paso County Jail, and over two hours of recorded interviews. Counsel reviewed all material provided in that production.

Between July 10 and September 14, 2020, counsel received seven additional discovery productions, containing (in total) 275 pages of investigative documents and photographs, two audio recordings, nine video recordings, and the contents of a cellular phone. Counsel has reviewed this material as well.

Based on the discovery provided and conferral with the government, counsel expects to receive additional discovery, including the contents of a 32-gigabyte micro-SD card, the content of one additional electronic device, and further investigative reports and documents.

The parties have continued to confer regarding a potential resolution in this case. Undersigned counsel intends to present mitigation information to the government in connection with those negotiations. Prior to presenting that information, counsel seeks an opportunity to conduct further investigation relating to Mr. Lopez's personal history and characteristics.

---

[2] This and all other references to "Doc." numbers refer to the ECF docket entry for District of Colorado Case No. 20-cr-165-CMA.

Due to public health concerns related to the ongoing COVID-19 pandemic, counsel has not had an opportunity to visit Mr. Lopez in person and does not expect to have such an opportunity for at least several months. The GEO Immigration Detention Facility, where Mr. Lopez is housed, has allowed for regular telephone contact between counsel and Mr. Lopez.

On July 6, 2020, this Court granted Mr. Lopez's Unopposed Motion to Exclude 120 days from the Requirements of the Speedy Trial Act. Docs. 20, 21. Based on that ruling, 168 days remained within the speedy trial period as of July 6, 2020. Since that time, 106 days have elapsed from the speedy trial period.[3] If the Court grants this motion, the Speedy Trial Act will allow the Court to schedule Mr. Lopez's trial within 152 days of the resolution of this motion. 18 U.S.C. § 3161(h)(1)(D) (delay resulting from pretrial motion, from filing through disposition of such motion, shall be excluded in computing the time within which trial must commence).

## LEGAL AUTHORITY

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant

---

[3] These days occurred between July 6, 2020 and October 19, 2020.

3

such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

"Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In this context, effective representation requires "counsel's informed

4

opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

## ARGUMENT

Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Lopez.  First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to obtain and review all discovery material, independently investigate the allegations, and prepare and present mitigation to the government in support of a request for a plea offer.

Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

First, defense counsel has been diligent in reviewing discovery and in the timeliness of this request.  Defense counsel completed a thorough review of discovery soon after receiving it and continued to review additional discovery material as it has been produced.  Further, defense counsel has shown diligence in this request by making it well before the scheduled jury trial and at the motions deadline.

Second, it is likely that this continuance would accomplish the underlying purpose of this request.  Excluding 90 days from the requirements of the Speedy Trial Act should allow defense counsel the time to obtain and evaluate the discovery for potential pre-trial motions issues, to conduct the necessary defense investigation, to effectively advise Mr. Lopez regarding the plea negotiation process, and to present information to the

government in connection with negotiations. This type of thorough evaluation is necessary to advise Mr. Lopez as to his options and potential strategies for his defense. A 90-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to provide Mr. Lopez with full and effective assistance of counsel.

Third, the defense asserts that the 90-day continuance sought in this matter will not prejudice the government. The parties have conferred and counsel for the government does not oppose this request.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance defense counsel will be unable to adequately advise Mr. Lopez regarding the discovery, the results of defense investigation, and the possibility of resolving the case by plea agreement. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Lopez's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Lopez respectfully requests this Court for an Order vacating all current deadlines and the trial date and excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:   (303) 294-7002
FAX:             (303) 294-1192
Email:          David_Kraut@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed the foregoing **DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Alecia Riewerts, Assistant United States Attorney
Email: Alecia.Riewerts@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Gregory Lopez (via U.S. mail)
Reg. No. 45796-013
GEO

*s/ David Kraut*
David Kraut
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:      (303) 294-7002
FAX:        (303) 294-1192
Email:      David_Kraut@fd.org
Attorney for Defendant