IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00165-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY LOPEZ,

    Defendant.

---

## FOURTH UNOPPOSED MOTION TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

---

Defendant Gregory Lopez ("Mr. Lopez"), by and through undersigned counsel, hereby moves this Court for an Order excluding 65 days from the Speedy Trial Act computations and vacating all currently-set deadlines and trial dates. The government does not oppose this motion. In support thereof, Mr. Lopez states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Lopez incorporates all factual background information presented in his first three motions to exclude time from the requirements of the Speedy Trial Act ("EOJ motions"). Docs. 20, 23, 27.

The defense expert described in Mr. Lopez's third EOJ motion (ECF 27) met with Mr. Lopez after several delays. She completed her written report on April 29, 2021, but made several revisions in the subsequent days. On May 6, 2021, counsel provided that report, along with additional records and information, to the government in support of a request for a plea offer. The mitigation packet totaled 123 pages. Government counsel informed defense counsel that additional

time will be necessary to review this material before replying to Mr. Lopez's plea request. Defense counsel and Mr. Lopez agree with the government's assessment and would like the government to have as much time as necessary to evaluate these materials.

If the government agrees to the primary term of Mr. Lopez's requested plea agreement, Mr. Lopez would still face a mandatory minimum prison term that exceeds his presentence confinement by many years. Although both parties have other legitimate interests in resolving the case in the near future, this continuance will not cause Mr. Lopez's pretrial confinement to exceed his minimum sentence pursuant to such an agreement.

In conferral regarding this motion, the parties identified the week of August 23, 2021 as the best available option for a trial setting for both counsel. The parties expect this case will resolve by plea agreement well before that date. However, recognizing the need to maintain a trial date and all related deadlines, Mr. Lopez seeks a 65-day exclusion from the requirements of the Speedy Trial Act based on the understanding that such an exclusion will allow the Court to schedule the trial to begin on or before August 23.

Due to public health concerns related to the ongoing COVID-19 pandemic, counsel still has not had an opportunity to visit Mr. Lopez in person and does not expect to have such an opportunity for at least several months. The FDC has allowed for regular telephone contact between counsel and Mr. Lopez.

## SPEEDY TRIAL CALCULATION

On February 1, 2021, this Court granted Mr. Lopez's Third Unopposed Motion to Exclude Time From the Requirements of the Speedy Trial Act. ECF 27, 28. That ruling excluded 90 days from the speedy trial clock, which then stood at March 25, 2021. ECF 28. As a result, the current speedy trial period is set to expire on June 23, 2021. Based on the amount of time left in the speedy

trial period on February 1, 2021, the Court's ruling (ECF 28) allowed for the trial to commence within 142 days of February 1, 2021. ECF 27. Since that ruling, 96 days have elapsed. If the Court grants this motion, the Speedy Trial Act will allow the Court to schedule Mr. Lopez's trial within 111 days[1] of the resolution of this motion. 18 U.S.C. § 3161(h)(1)(D) (delay resulting from pretrial motion, from filing through disposition of such motion, shall be excluded in computing the time within which trial must commence). For example, if the Court were to grant this motion on May 10, 2021, the new speedy trial period would expire on August 29, 2021.

## LEGAL AUTHORITY

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance

---

[1] This calculation is based on the following: 142 days – 96 days = 46 days remaining in the speedy trial period as of the filing of this motion, which tolls the speedy trial period. 46 days + 65 days = 111 days.

results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

"Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In this context, effective representation requires "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

## ARGUMENT

Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Lopez. First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to engage in further plea discussions, respond to any questions the government may have regarding the mitigation packet, and advise Mr. Lopez on any plea offer that is extended.

4

Defense counsel's request for a continuance in this case also satisfies the factors set forth in *West*.

First, defense counsel has been diligent in reviewing discovery and in the timeliness of this request. Defense counsel completed a thorough review of discovery soon after receiving it and continued to review additional discovery material as it has been produced. Further, defense counsel has shown diligence in this request by making it well before the scheduled jury trial and before the motions deadline.

Second, it is likely that this continuance would accomplish the underlying purpose of this request. Excluding 65 days from the requirements of the Speedy Trial Act should allow defense counsel the time to effectively negotiate on Mr. Lopez's behalf, advise Mr. Lopez regarding the plea negotiation process, and to present any necessary further information to the government in connection with negotiations. This type of thorough evaluation is necessary to advise Mr. Lopez as to his options and potential strategies for his defense. A 65-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to provide Mr. Lopez with full and effective assistance of counsel.

Third, the defense asserts that the 65-day continuance sought in this matter will not prejudice the government. The parties have conferred and counsel for the government does not oppose this request.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance defense counsel will be unable to adequately advise Mr. Lopez regarding the results of defense investigation, and the possibility of resolving the case by plea agreement. Without the exclusion of a period of time from the

speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Lopez's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Lopez respectfully requests this Court for an Order vacating all current deadlines and the trial date and excluding 65 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:	(303) 294-7002
FAX:	(303) 294-1192
Email:	David_Kraut@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2021, I electronically filed the foregoing **FOURTH UNOPPOSED MOTION TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

    Alecia Riewerts, Assistant United States Attorney
    Email: Alecia.Riewerts@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Gregory Lopez (via U.S. mail)
    Reg. No. 45796-013
    FDC

    *s/ David Kraut*
    David Kraut
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:   (303) 294-7002
    FAX:           (303) 294-1192
    Email:         David_Kraut@fd.org
    Attorney for Defendant