IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00165-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY LOPEZ,

    Defendant.

## RESPONSES TO PRESENTENCE INVESTIGATION REPORT

The defendant, Gregory Lopez ("Mr. Lopez"), by and through undersigned counsel, David Kraut, respectfully submits the following responses to the Presentence Investigation Report ("PSR") (ECF 43). Mr. Lopez does not object to the guideline calculation set forth in the PSR. His responses seek to clarify and/or expand upon several factual statements contained in the PSR; none affect the guideline range.

Paragraph 4: Mr. Lopez has engaged in no misconduct while in custody in connection with this case. From June 10, 2020 through December 2020, Mr. Lopez was housed at the GEO Immigration Detention Center in Aurora, Colorado ("GEO"). During his first few weeks at GEO, he made many suicidal statements and engaged in self-harm. However, after he began taking mental health medication (*see* ECF 43 at ¶86), these behaviors stopped and he adjusted to confinement at that facility.

In December 2020, Mr. Lopez was transferred to the Federal Detention Center ("FDC"). He has not been disciplined at the FDC, but he has been repeatedly threatened by other inmates. In August 2021, two inmates approached Mr. Lopez and his cellmate (also a person accused of a

sex offense) in their cell. One of these other inmates brandished a knife and stated, "I could kill you and stuff you under the bed and nobody would care." Mr. Lopez did not respond. As staff approached to intervene, the inmate holding the knife threw the knife into Mr. Lopez's cell. Following this incident, Mr. Lopez was moved into the Secure Housing Unit ("SHU") at the Federal Correctional Institution in Englewood ("FCI-Englewood") for his own protection.

Life for Mr. Lopez in the SHU has been very difficult. He is locked in his cell for 23 hours per day and spends his hour out in a cage slightly larger than his cell from which he can see the sky. His commissary options are limited to a few items, he can only access a telephone once a week, and he has no access to a television at any time.

Despite his dramatically reduced privileges and freedoms in the SHU, Mr. Lopez has continued to demonstrate excellent institutional behavior over these last three months. Counsel has repeatedly requested that the U.S. Marshal Service transfer Mr. Lopez to a different facility in which he would not need to be placed in administrative segregation for his own safety. The Marshals have denied these requests based on their belief that he would face the same threats and dangers in general population in any available facility.

Paragraph 32: During his arrest, Mr. Lopez admitted he sold the videos in question to one other person and provided the arresting agents with the email address for that person. Mr. Lopez recalls this other sale occurring a few days before the offense of conviction. The videos sold in this prior sale were the same videos sold to the undercover agent. Mr. Lopez did not create or sell any other videos depicting child sex abuse.

Paragraph 91: Mr. Lopez would like to take mental health medication. During the 35 days he spent in the El Paso County Detention Center, he was not given medication. During this time, he engaged in self-harm and made many suicidal statements (in writing and on the phone). After

the first few weeks at GEO, he took mental health medication as prescribed and did not engage in self-harm or experience suicidal ideation.

When he arrived at the FDC, he quickly learned other inmates intended to physically assault him (potentially with weapons) at any opportunity. For this reason, he left his cell only for bare essentials – occasional showers and phone calls with his lawyer. He was so afraid to leave his cell that he never signed up for medical or mental health appointments.

Once he was transferred to the SHU, he requested an appointment with a mental health care provider and mental health medication, but no mental health professional has seen him while he has been there. He has attended "sick call" several times in order to ask the facility nurse to request mental health attention, but he has been told that the facility is "weeks behind" on fulfilling mental health appointment and medication requests and that he remains on a waitlist.

Mr. Lopez wants and needs mental health counseling and treatment. He hopes to move to a safer environment in the BOP as soon as possible in order to obtain these important services.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:     (303) 294-7002
FAX:             (303) 294-1192
Email:           David_Kraut@fd.org
Attorney for Defendant

3

CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I filed the foregoing **RESPONSES TO PRESENTENCE INVESTIGATION REPORT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Alecia L. Riewerts, Assistant United States Attorney
E-mail:  Alecia.Riewerts@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Gregory Lopez (via U.S. mail)
Reg. No. 45796-013

> *s/ David Kraut*
> DAVID KRAUT
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, CO  80202
> Telephone:     (303) 294-7002
> FAX:               (303) 294-1192
> Email:            David_Kraut@fd.org
> Attorney for Defendant

4